HONORABLE JUDGE ROBERT J. BRYAN

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| | |
|---|---|
| ERIC TEMPLE, an individual, and PORTLAND VANCOUVER JUNCTION RAILROAD, LLC, a Washington state limited liability company, | No. 3:20-cv-05034-JRC |
| Plaintiffs, | COUNTY DEFENDANTS' MOTION TO DISMISS COMPLAINT |
| v. | NOTE ON MOTION CALENDAR: April 10, 2020 without Oral Argument |
| CLARK COUNTY, a Washington municipal corporation, ANTHONY F. GOLIK, an individual, SHAWN HENESSEE, an individual, AND MARC BOLDT, an individual, | |
| Defendants. | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

COUNTY DEFENDANTS' MOTION TO DISMISS
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

# TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION.................................................................................................1

II.     STATEMENT OF FACTS...................................................................................2

    A.  Materials Subject to Review..................................................................2

    B.  The Parties Dispute the Validity and Terms of a Lease Under Which PVJR Uses County Property for Profit...........................................................................3

    C.  PVJR Initiates and Pursues State Court Litigation Regarding the Lease....................4

    D.  Following Adverse Rulings in State Court, PVJR Files this Federal Lawsuit Seeking to Compel Arbitration of the Lease Dispute. ............................................7

    E.  PVJR Files Yet Another State Lawsuit Involving the Same Parties and Facts............8

III.    STANDARD OF REVIEW ................................................................................8

IV.     ARGUMENT .....................................................................................................9

    A.  This Court Should Dismiss the Complaint Due to the Parallel State Court Proceedings and to Prevent Forum Shopping. ............................................9

    B.  Plaintiffs' FAA Claim Must Be Dismissed Because this Court Lacks Jurisdiction, and Plaintiffs Have No Right to Arbitrate the Claims................................12

        1.  Plaintiffs cannot establish a colorable basis for this Court to exercise jurisdiction over their arbitration claim. .................................................. 12

        2.  Plaintiffs have no contractual right to arbitrate the issues PVJR is litigating in state court. ........................................................................ 14

        3.  Plaintiffs have waived any right to arbitration through their litigation conduct and incongruous statements in state court........................................... 16

    C.  Plaintiffs' Contrived Constitutional Claims Independently Lack Merit. ...................17

        1.  The County's litigation and related conduct is immune from due process and First Amendment liability.............................................................. 18

        2.  Plaintiffs' due process claim should be dismissed because they cannot allege deprivation of any constitutionally protected interest without due process. ............. 20

        3.  Plaintiffs' First Amendment claim should be dismissed because Plaintiffs cannot establish adverse retaliatory action.............................................. 22

COUNTY DEFENDANTS' MOTION TO
DISMISS - i
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

a.   The County's speech is protected under the First Amendment. ..................... 23

b.   Plaintiffs fail to allege any other adverse retaliatory action. .......................... 23

**V.      CONCLUSION** ................................................................................................**24**

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Aircapital Cablevision, Inc. v. Starlink Commc'ns Grp., Inc.*,
    634 F. Supp. 316 (D. Kan. 1986) ......................................................... 18

*Alpha Energy Savers, Inc. v. Hansen*,
    381 F.3d 917 (9th Cir. 2004) .............................................................. 24

*Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*,
    843 F.2d 1253 (9th Cir. 1988) ................................................... 9, 10, 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................... 20

*Aydin Corp. v. Loral Corp.*,
    718 F.2d 897 (9th Cir. 1983) .............................................................. 19

*Bd. of Cty. Comm'rs, Wabaunsee Cty. v. Umbehr*,
    518 U.S. 668 (1996) ........................................................................... 24

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................. 8

*Blair v. Bethel Sch. Dist.*,
    608 F.3d 540 (9th Cir. 2010) .............................................................. 24

*Bldg. 11 Investors LLC v. City of Seattle*,
    912 F. Supp. 2d 972 (W.D. Wash. 2012) ............................................ 22

*Boone v. Redev. Agency of City of San Jose*,
    841 F.2d 886 (9th Cir. 1988) .............................................................. 20

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
    598 F.3d 1115 (9th Cir. 2010) ............................................................ 22

*Clairmont v. Sound Mental Health*,
    632 F.3d 1091 (9th Cir. 2011) ............................................................ 24

*Coeur d'Alene Tribe v. Hawks*,
    933 F.3d 1052 (9th Cir. 2019) ...................................................... 13, 14

COUNTY DEFENDANTS' MOTION TO
DISMISS - iii
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Coszalter v. City of Salem*,
   320 F.3d 968 (9th Cir. 2003) ............................................................... 24

*Cousins v. Lockyer*,
   568 F.3d 1063 (9th Cir. 2009) ............................................................... 8

*DeBoer v. Pennington*,
   287 F.3d 748 (9th Cir. 2002) ............................................................... 22

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ............................................................... 8

*EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*,
   711 F. Supp. 2d 1074 (C.D. Cal. 2010) ............................................... 18

*Empress LLC v. City & Cty. of San Francisco*,
   419 F.3d 1052 (9th Cir. 2005) ............................................................. 20

*Eng v. Cooley*,
   552 F.3d 1062 (9th Cir. 2009) ............................................................. 24

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
   545 U.S. 546 (2005) ............................................................................ 12

*Granite Rock Co. v. Int'l Bhd. of Teamsters*,
   561 U.S. 287 (2010) ..................................................................... 14, 15

*Greisen v. Hanken*,
   925 F.3d 1097 (9th Cir. 2019) ............................................................. 23

*Guatay Christian Fellowship v. Cty. of San Diego*,
   670 F.3d 957 (9th Cir. 2011) ......................................................... 21, 22

*Harris v. Cty. of Orange*,
   682 F.3d 1126 (9th Cir. 2012) .......................................................... 2, 5

*Hotel Syracuse, Inc. v. Young*,
   805 F. Supp. 1073 (N.D. N.Y. 1992) .................................................. 21

*Kildare v. Saenz*,
   325 F.3d 1078 (9th Cir. 2003) ............................................................. 20

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ............................................................... 2

COUNTY DEFENDANTS' MOTION TO
DISMISS - iv
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*Knudson v. City of Ellensburg,*
   832 F.2d 1142 (9th Cir. 1987) ................................................................................ 20

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
   511 U.S. 375 (1994) ............................................................................................... 13

*Landers v. Quality Commc'ns, Inc.,*
   771 F.3d 638 (9th Cir. 2014) .................................................................................... 8

*Lujan v. G & G Fire Sprinklers, Inc.,*
   532 U.S. 189 (2001).............................................................................................. 22

*Manistee Town Ctr. v. City of Glendale,*
   227 F.3d 1090 (9th Cir. 2000) ............................................................................... 18

*Martin v. Yasuda,*
   829 F.3d 1118 (9th Cir. 2016) ......................................................................... 16, 17

*Mulligan v. Nichols,*
   835 F.3d 983 (9th Cir. 2016) ................................................................................. 23

*Nakash v. Marciano,*
   882 F.2d 1411 (9th Cir. 1989) ............................................................................... 11

*Newirth v. Aegis Senior Cmtys.,* LLC,
   931 F.3d 935 (9th Cir. 2019) .......................................................................... 16, 17

*Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.,*
   508 U.S. 49 (1993)............................................................................................... 19

*R.R. St. & Co. Inc. v. Transp. Ins. Co.,*
   656 F.3d 966 (9th Cir. 2011) ........................................................................ 9, 10, 11

*Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc.,*
   399 F. Supp. 3d 1018 (C.D. Cal. 2019) ................................................................ 18

*Sato v. Orange Cty. Dep't of Educ.,*
   861 F.3d 923 (9th Cir. 2017) ................................................................................... 9

*Servs. Med. Grp., Inc. v. San Bernardino Cty.,*
   825 F.2d 1404 (9th Cir. 1987) ............................................................................... 21

*Sosa v. DIRECTV, Inc.,*
   437 F.3d 923 (9th Cir. 2006) .......................................................................... 18, 19

COUNTY DEFENDANTS' MOTION TO
DISMISS - v
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
    559 U.S. 662 (2010) ................................................................................................ 14

*Storek & Storek, Inc. v. Port of Oakland*,
    869 F.2d 1322 (9th Cir. 1989) ............................................................................... 21

*Theme Promotions, Inc. v. News Am. Mktg. FSI*,
    546 F.3d 991 (9th Cir. 2008) ........................................................................... 18, 19

*United States v. Bonilla-Montenegro*,
    331 F.3d 1047 (9th Cir. 2003) ............................................................................... 15

*Vaden v. Discover Bank*,
    556 U.S. 49 (2009) .................................................................................................. 13

*Wedges/Ledges of Cal., Inc. v. City of Phoenix*,
    24 F.3d 56 (9th Cir. 1994) ..................................................................................... 20

*Wilson v. Huuuge, Inc.*,
    944 F.3d 1212 (9th Cir. 2019) ............................................................................... 14

*WMX Techs., Inc. v. Miller*,
    197 F.3d 367 (9th Cir. 1999) ................................................................................. 21

*Wolf Bros. Oil Co., Inc. v. Int'l Surplus Lines Ins. Co.*,
    718 F. Supp. 839 (W.D. Wash. 1989) ................................................................... 15

*Zixiang Li v. Kerry*,
    710 F.3d 995 (9th Cir. 2013) ................................................................................... 8


**Federal Statutes**

9 U.S.C. § 4 ................................................................................................................... 14


**Federal Rules**

Federal Rule of Civil Procedure 12(b) ................................................................. passim

COUNTY DEFENDANTS' MOTION TO
DISMISS - vi
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## I.  INTRODUCTION

Nearly one year ago, Plaintiff Portland Vancouver Junction Railroad, LLC ("PVJR") filed a lawsuit in Clark County Superior Court seeking a declaratory judgment as to the validity of a 2004 lease agreement ("Lease") with Defendant Clark County (the "County"). PVJR's state lawsuit was consolidated with the County's own lawsuit in the same court addressing the same issues. PVJR repeatedly asked the state court to decide the issue of the Lease's validity, until the court issued several substantive rulings unfavorable to PVJR. Then, PVJR and its owner, Eric Temple (together, "Plaintiffs") filed a Complaint in this Court that not only duplicates the issues in the state proceedings, but fails entirely to disclose PVJR's initiation of and participation in those proceedings. And Plaintiffs did not stop there, opting to file yet another duplicative state court action shortly after the current Complaint was filed.

This lawsuit is a transparent attempt by Plaintiffs to manufacture a federal controversy to compel arbitration of a Lease dispute that is properly the subject of ongoing state court litigation, as PVJR has repeatedly and unequivocally argued to the state trial court. In light of PVJR's two other state court actions on the same issues, Plaintiffs' efforts to forum-shop their way to a favorable result is obvious. Because Plaintiffs also fail to establish entitlement to relief on any of the claims in this lawsuit, the Complaint should be dismissed on multiple, independent grounds.

At the outset, the Court should dismiss this suit in favor of the parallel state court proceedings given the near-total overlap in parties and issues and PVJR's apparent forum shopping. Plaintiffs are not entitled to file duplicative lawsuits in federal court simply because they disagree with state court rulings. Furthermore, Plaintiffs cannot succeed on the merits of any of their claims. Supreme Court precedent confirms there is no jurisdiction over Plaintiffs' arbitration claim, and Plaintiffs have no contractual right to arbitrate the issues they have litigated in state

COUNTY DEFENDANTS' MOTION TO
DISMISS - 1
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

court (having also by their conduct waived any right to arbitration of those issues). Finally, Plaintiffs' attempt to elevate a state law Lease dispute into a federal constitutional issue similarly fails. Plaintiffs assert due process and First Amendment violations grounded solely in the County's state court litigation activities and conduct related to the same. Under well-established authority, not only is the County immune from liability for constitutional claims based on such conduct, but Plaintiffs also fail to establish basic elements of both claims. The County thus respectfully requests that the Court dismiss this case under Federal Rule of Civil Procedure ("Rule") 12(b).

## II. STATEMENT OF FACTS

### A. Materials Subject to Review.

In deciding this motion to dismiss, the Court can consider the allegations in the Complaint, matters subject to judicial notice, and materials referenced or relied upon in the Complaint—whether or not those materials are physically attached to the pleading. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court "may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Here, the Complaint references and relies upon, but does not attach, the Lease that gives rise to Plaintiffs' asserted claims. *See* Dkt. No. 1. The Complaint also references a Clark County Superior Court lawsuit filed by the County. *See id.* A copy of the Lease and copies of relevant pleadings in the Clark County action (including a related action and appeal filed by PVJR and a hearing transcript) are included with this Motion. Declaration of Matthew J. Segal in Support of County Defendants' Motion to Dismiss ("Segal Decl."), Exs. A-U, W-Y. The County also submits into the record a complaint PVJR recently filed in Skamania County Superior Court that duplicates the issues in both this case and the Clark County action. *Id.*, Ex. V. These documents are judicially noticeable. *See Knievel*, 393 F.3d at 1076-77; *Harris*, 682 F.3d at 1132.

COUNTY DEFENDANTS' MOTION TO
DISMISS - 2
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

**B. The Parties Dispute the Validity and Terms of a Lease Under Which PVJR Uses County Property for Profit.**

The County owns a shortline railroad (the "Tracks") located within the County. Dkt. No. 1, ¶¶ 7, 14-15. Plaintiff PVJR currently operates and manages the Tracks pursuant to the Lease. The Lease was negotiated and executed by PVJR's owner, Plaintiff Eric Temple (on behalf of PVJR's predecessor) and a County staff member in 2004, but was never approved by the County's elected Board, as the County Code requires. Segal Decl., Ex. A at p. 31; Clark County Code § 2.33A.150; Dkt. No. 1, ¶ 2. Plaintiffs assert they are "independent contractors" of the County under the Lease. Dkt. No. 1, ¶ 28; *see also* Segal Decl., Ex. A, § 2.F.

If the Lease is enforceable, its term is ambiguous, although it purports to have "an initial term of thirty (30) years commencing on the Transfer Date, which initial term shall be renewed for two additional renewal terms of thirty (30) years each, at the sole and exclusive option of Lessee, for a total of ninety (90) years, or the maximum allowed under Clark County Code Section 2.33A, but not, under any circumstances, to be less than a total of 50 years, unless and until otherwise terminated as provided below[.]" Segal Decl., Ex. A, § 2.A. The County has separately leased back a portion of the Tracks and subleased that portion to Chelatchie Prairie Railroad ("BYCX"), a volunteer excursion railroad that operates a holiday train. Dkt. No. 1, ¶¶ 34, 84.

In 2018, a dispute arose between the County and PVJR regarding the Lease's term and validity, as well as the parties' related rights and obligations. *See* Dkt. No. 1, ¶¶ 67-71, 75-77, 99-100. The County identified significant legal concerns under Washington law and the Clark County Code that led it to conclude the Lease was likely invalid, unenforceable in whole or in part, or expired. *Id.*, ¶¶ 67-70, 100. The County and PVJR unsuccessfully attempted to resolve the dispute. *Id.*, ¶¶ 76-83. Within the context of the parties' Lease dispute, PVJR raised concerns regarding the County's sublease with BYCX and ultimately put the BYCX holiday train out of service. *Id.*, ¶¶

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

84-85. The County informed the public that PVJR had stopped the BYCX line, condemned PVJR's actions, and encouraged PVJR to allow resumption of BYCX's operations. *Id*., ¶¶ 86-91.

Plaintiffs also allege a disagreement between PVJR and the County as to the interpretation of 2017 Washington legislation ("ESB 5517") concerning county zoning for "rail dependent uses," as well as any obligation by the County to "implement" the same under the Lease. *See* Dkt. No. 1, ¶¶ 37-54, 72; Laws of 2017, 3d Spc. Sess., ch. 18. Plaintiffs allege that in July 2017, a County prosecutor adopted an interpretation of ESB 5517 with which Plaintiffs disagreed. *Id*., ¶ 53. Plaintiffs further allege that starting in February 2018, Mr. Temple disputed the County's interpretation, after which the County defended its position and "formally decide[d] to postpone public hearings regarding freight rail dependent uses until 2019." *Id*., ¶¶ 54-57, 59, 62, 72.

## C. PVJR Initiates and Pursues State Court Litigation Regarding the Lease.

Plaintiffs' Complaint fails to disclose that PVJR filed **its own** state court lawsuit to resolve the parties' Lease dispute and that the parties have actively litigated the issue of Lease validity in state court for the past year. On March 15, 2019, PVJR announced its intent to sue the County over the Lease dispute. Dkt. No. 1, ¶ 99. The County then filed a lawsuit against PVJR in Clark County Superior Court, seeking a declaratory judgment that the Lease was invalid, unenforceable, and/or expired on multiple grounds. *Id*., ¶ 100; *see also* Segal Decl., Exs. B-C. The County has alleged in support of its state declaratory action that the Lease is ultra vires and void because it was entered into without the approval of the County's elected Board and without any findings necessary to support a lease term longer than the Clark County Code's 10-year limit. *See* Segal Decl., Ex. C, ¶¶ 8-10, 15-17, 51-52; *see also* Clark County Code §§ 2.33A.150, .160. Alternatively, the County alleges that the Lease, even if initially valid, expired 10 years after it was signed or is limited to the maximum amount authorized under the Code. *Id*., ¶¶ 53-54. And the County further alleges

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

that the Lease is invalid under the Washington Constitution and state law because it has never received rent or other compensation from PVJR or its predecessor. *Id.*, ¶¶ 36, 55. In addition to its declaratory claim, the County asserted an alternative claim for breach of contract. *Id.*, ¶¶ 59-63.

Consistent with its announcement, PVJR filed a nearly identical declaratory judgment action in the same court four days later. *Id.*, Exs. D-E. PVJR requested that the Clark County Superior Court enter "a judgment declaring the Lease is valid for its entire term, 30 years with two 30-year extensions, for a total of 90 years," or, alternatively, "a judgment declaring the Lease is valid for no less than 50 years." *Id.*, Ex. E at p. 11. PVJR's Clark County complaint contains multiple allegations regarding the Lease terms and the parties' obligations and conduct thereunder. *See, e.g., id.*, ¶¶ 30-32, 34, 36-37, 43-45. It further alleges that the Clark County court has jurisdiction over the dispute and does not mention the Lease's arbitration clause. *See id.*, ¶ 3. The parties stipulated, and the Clark County court agreed, to consolidate the two lawsuits. *Id.*, Ex. F.

For the past year, PVJR has actively litigated the issue of Lease validity in the Clark County action, including discovery and motions practice, while repeatedly and unequivocally representing to the court and the County that the issue of Lease validity should be decided by the state court rather than an arbitrator. In April 2019, PVJR moved to change venue to Skamania County Superior Court, specifically for that court to determine validity of the Lease. Segal Decl., Ex. G. In its briefing on the venue issue, PVJR declared that it was "waiting until the lease is declared valid before proceeding to arbitrate its and the County's competing claims of breach; if the lease is declared invalid, there is no contract, so no breach and no right to arbitrate." *Id.*, Ex. H at 13. PVJR expressly acknowledged that it was pursuing state court litigation "**in lieu** of arbitration." *Id.* at 4 (emphasis added). In July 2019, PVJR also moved the state court for a determination that the County waived privilege as to certain communications. *Id.*, Ex. I.

COUNTY DEFENDANTS' MOTION TO
DISMISS - 5
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

PVJR filed additional motions in the Clark County action that it never noted for hearing, including one to dismiss the County's breach of contract claim as "unripe and subject to arbitration," and another to dismiss one of the County's constitutional claims, without challenging the County's multiple remaining claims. *Id.*, Ex. G. In its motion on the County's breach claim, PVJR argued the "issue of breach of contract is speculative and hypothetical until the Court determines the validity of the lease at issue" and claimed it would seek arbitration of the breach issue "upon the Court's determination of the validity of the lease." *Id.* at 2; *see also id.* at 10-12 (similar statements). PVJR has never moved to compel arbitration in the Clark County action.

Meanwhile, the County served discovery on PVJR. Segal Decl., Ex. J. PVJR substantially refused to respond, based specifically on its position that Lease validity should first be adjudicated by the state court. In its written objections to the County's requests, PVJR nonetheless stated that "validity and Lease formation" were issues the Clark County court had "authority to hear." *Id.* (PVJR responses at 3, 5, 6, 8, 9, 11-12, 13-14, 15, 16, 18, 19-20, 21-22, 23-31). Given PVJR's noncompliance, the County moved to compel. *Id.*, Ex. K. In its opposition, PVJR argued it should not have to produce the requested documents "until the Court first rules on the lease's underlying validity" because "if the Court determines the lease to be invalid as a matter of constitutional law or Clark County Code, this dispute is over." *Id.*, Ex. L at 2; *see also id.* at 9-10, 15, 17-19, 23, 26 (similar). PVJR expressly stated it was "waiting until the Lease is declared valid **before** moving forward with arbitration." *Id.* at 17 n.53 (emphasis added).

The parties' motions on privilege, to compel, and for a change of venue were heard on August 16, 2019. *Id.*, Ex. N (transcript). PVJR's counsel repeatedly confirmed its position that the consolidated suit is properly before the state court. *See id.* at 11:18-12:17, 36:8-11, 43:6-8, 44:10-12. Counsel stated: "Has [PVJR] moved to compel arbitration? Of course not. That would be a

COUNTY DEFENDANTS' MOTION TO
DISMISS - 6
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

futile act, because . . . [i]f the lease is invalid, the arbitration is invalid, and there's nothing left to dispute; the matter is over." *Id.* at 11:18-22.

The Clark County court denied PVJR's motion on waiver of privilege, reserved the issue of sanctions against PVJR as to that motion, granted the County's motion to compel, and denied PVJR's motion to change venue. Segal Decl., Exs. P-R. PVJR then moved the Court of Appeals for discretionary review of the trial court's venue decision, seeking venue in a different state court. *Id.*, Exs. S-U. Review was granted, but no briefing or decision on the merits has occurred.

### D.  Following Adverse Rulings in State Court, PVJR Files this Federal Lawsuit Seeking to Compel Arbitration of the Lease Dispute.

Following the Clark County Superior Court's rulings, and while PVJR's discretionary review proceeding was pending, Plaintiffs filed the current lawsuit. *See* Dkt. No. 1. This case involves essentially the same parties and operative facts as the consolidated Clark County suit. *See* Dkt. No. 1, ¶¶ 5-10, 14-100. The Complaint asserts First Amendment retaliation and Fourteenth Amendment due process claims arising from the parties' Lease dispute and state court litigation. *Id.*, ¶¶ 124-39. Although the current Complaint describes the **County's** filing of a state lawsuit, it omits any reference to **PVJR's own** mirror-image suit and asserts—for the first time and in direct contradiction to PVJR's repeated statements to the Clark County court—that Lease validity should be submitted to arbitration. *Id.*, ¶¶ 1, 11, 100, 118-23. In violation of the local rules, Plaintiffs also did not file a notice of pendency of other actions, which would have revealed PVJR's original state court action, its venue appeal, and its Skamania County action (discussed below). LCR 3(h). Only after the County filed a disclosure did Plaintiffs file their own, falsely stating that PVJR moved to compel arbitration in state court when in fact it did the opposite. *See* Dkt. Nos. 12, 13; *see also* Segal Decl., Ex. N at 11:18 ("Has [PVJR] moved to compel arbitration? Of course not.").

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

**E.  PVJR Files Yet Another State Lawsuit Involving the Same Parties and Facts.**

On January 30, 2019—after the current Complaint was filed but before it was served—PVJR filed yet another state declaratory judgment action, this time in Skamania County Superior Court. Segal Decl., Ex. V. The Skamania complaint asks the court to "definitively interpret ESB 5517 as permitting 'freight rail dependent uses', including related urban facilities" and to "direct[] the County to re-engage public hearings regarding freight rail dependent uses to implement ESB 5517 fully and consistently with this Court's interpretation of ESB 5517." Segal Decl., Ex. V, ¶ 3 & p. 14. Both the current Complaint and the Skamania complaint allege the County has deliberately or purposefully "misinterpreted" ESB 5517 and that the County is obligated to, but has not, "implemented" the same. Segal Decl., Ex. V, ¶¶ 1-3, 6, 8, 23-24, 36-38, 40-41, 43-46, 50; Dkt. No. 1, ¶¶ 3, 51-63, 73, 125, 129. The Skamania complaint does not reference the Clark County action or the current federal suit.

## III.    STANDARD OF REVIEW

Under Rule 12(b)(6), the Complaint must be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts in support. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). Factual allegations must be "specific" and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999 (9th Cir. 2014). "[C]onclusory allegations of law and unwarranted inferences" are not enough. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (internal marks omitted); *see also Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (mere "labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice" (internal marks omitted)).

COUNTY DEFENDANTS' MOTION TO
DISMISS - 8
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Dismissal is also appropriate under either Rule 12(b)(1) or (6) if a defendant is immune from suit.

*Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

## IV.    ARGUMENT

### A.  This Court Should Dismiss the Complaint Due to the Parallel State Court Proceedings and to Prevent Forum Shopping.

As a threshold matter, the Court should abstain from exercising jurisdiction to hear this Complaint due to the parallel state court proceedings where essentially the same parties have been litigating this same dispute for almost a year. Apparently dissatisfied with the state court's adverse rulings, Plaintiffs filed this Complaint in a blatant attempt to shop for a more favorable forum. Plaintiffs should have raised their claims in the Clark County action, if at all, but chose instead to file this duplicative suit. It is improper and impracticable for this Court to adjudicate this dispute.

To start, this Court should dismiss the Complaint under the *Colorado River* doctrine, by which federal courts decline jurisdiction and dismiss a suit due to "the presence of a concurrent state proceeding" and "for reasons of wise judicial administration." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) (internal marks omitted). *Colorado River* abstention is particularly appropriate where "necessary to prevent forum shopping and duplicative litigation." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1255 (9th Cir. 1988). Eight factors guide the invocation of the *Colorado River* doctrine:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St.*, 656 F.3d at 978-79. The first two factors are irrelevant here because this is not an *in rem* proceeding, and both the federal and state fora are convenient to Plaintiffs (indeed, they filed suit

COUNTY DEFENDANTS' MOTION TO
DISMISS - 9
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

in both). *See* Segal Decl., Exs. D-E; Dkt. No. 1. The remaining factors weigh against the exercise of jurisdiction and strongly support dismissal of this suit.

First, given the parallel state suit, maintaining this suit would result in piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l*, 843 F.2d at 1258. Here, both lawsuits arise from and relate to the validity of the Lease and the parties' rights and obligations thereunder and are "highly interdependent" because Plaintiffs' federal claims are grounded in the County's state court litigation and related conduct. *See R.R. St.*, 656 F.3d at 978.

Second, the state court obtained jurisdiction first, and the parties have been actively litigating in that forum for almost a year. *See id.* at 978-79. Moreover, the state court has already made several rulings and issued a directive for PVJR to provide discovery. *See* Segal Decl., Exs. P-R. Under this factor, the state court's progress weighs significantly against jurisdiction. *See R.R. St.*, 656 F.3d at 980.

Third, the underlying contractual dispute sounds in state law. *See id.* at 978-79. This dispute centers on a Lease regarding a County asset, and the parties' rights and obligations under that Lease. Segal Decl., Exs. B-E. As described below, Plaintiffs cannot now manufacture a federal controversy by invoking the Federal Arbitration Act ("FAA"), which cannot confer stand-alone jurisdiction, or asserting contrived and meritless constitutional claims. *See infra*, Sections IV.B-C.

Fourth, the state court proceeding adequately protects Plaintiffs' rights. *See R.R. St.*, 656 F.3d at 978-79. Plaintiffs can raise claims related to the Lease dispute in the state court proceeding, including federal constitutional claims (if colorable). *See id.* at 981 (factor supports dismissal where "the state court has authority to address the rights and remedies at issue in [the] case"); *see*

COUNTY DEFENDANTS' MOTION TO
DISMISS - 10
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

*also Nakash v. Marciano*, 882 F.2d 1411, 1416-17 (9th Cir. 1989). State courts may also compel arbitration, although here PVJR has disclaimed any right or intent to arbitrate Lease validity.

Fifth, it is "readily apparent" that Plaintiffs are "engaged in forum shopping." *R.R. St.*, 656 F.3d at 981. "To avoid forum shopping, courts may consider the vexatious or reactive nature of either the federal or the state litigation." *Id.* (internal marks omitted). In determining whether a federal lawsuit was filed to forum shop, courts consider whether the party is seeking to "avoid adverse rulings by the state court." *Nakash*, 882 F.2d at 1417 (finding "this factor weighs strongly in favor of abstention" where plaintiff "has become dissatisfied with the state court and now seeks a new forum for their claims."). That is exactly what Plaintiffs did here. After receiving several adverse rulings from the state court, including an order compelling discovery and reserving the issue of sanctions, Plaintiffs hedged their bets by filing this Complaint. Segal Decl., Exs. P-R. Just weeks later, Plaintiffs filed yet another state lawsuit, this time in Skamania County, arising from the same facts. *Id.*, Ex. V. This factor thus also weighs significantly against jurisdiction.

Finally, the state suit "sufficiently parallels the federal proceeding." *R.R. St.*, 656 F.3d at 982. "[E]xact parallelism" is not required for this factor; the action need only be "substantially similar." *Nakash,* 882 F.2d at 1416 (internal marks omitted). Both cases concern the validity of, and the parties' respective rights and obligations surrounding, the Lease. *Compare* Segal Decl., Exs. B-E *with* Dkt. No. 1; *see also Nakash*, 882 F.2d at 1417 (courts "should be particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation"). A determination by the state court that the Lease is invalid or unenforceable would resolve all of Plaintiffs' claims in this suit. *See R.R. St.*, 656 F.3d at 982 (jurisdiction disfavored where state suit "will resolve all issues raised in the Federal Action"). In sum, the relevant *Colorado River* factors weigh significantly against exercising jurisdiction.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Dismissal is also warranted under the de facto removal doctrine, which prevents a state plaintiff from filing a "repetitive lawsuit" in federal court to circumvent the limits on removing actions to federal court. *See Am. Int'l*, 843 F.2d at 1260-61. The right to removal "is clearly limited to defendants," because a plaintiff chooses its desired forum when filing suit and "should be bound by its choice." *Id*. (internal marks omitted). For the same reasons, and to prevent circumvention of this rule, a plaintiff that has commenced a state court action is barred from filing "a parallel action" in federal court. *Id*. at 1260. Here, PVJR filed suit in Clark County Superior Court, and could not then remove the suit to federal court. *See* Segal Decl., Exs. D-E. The de facto removal doctrine thus provides a separate and additional basis on which the Court should dismiss the Complaint.

**B. Plaintiffs' FAA Claim Must Be Dismissed Because this Court Lacks Jurisdiction, and Plaintiffs Have No Right to Arbitrate the Claims.**

After the Clark County court ruled against PVJR on several issues, Plaintiffs reversed course and now seek to arbitrate the Lease dispute PVJR filed and actively litigated in state court over the past year. Plaintiffs' arbitration claim must be dismissed for three independent reasons. First, this Court lacks subject-matter jurisdiction over Plaintiffs' arbitration claim. Second, the Lease's plain language and the parties' subsequent conduct show that the arbitration clause does not apply to the issues of Lease validity and formation. And third, Plaintiffs have intentionally and unambiguously waived any right to arbitrate.

**1. Plaintiffs cannot establish a colorable basis for this Court to exercise jurisdiction over their arbitration claim.**

To start, Plaintiffs have not established, and cannot establish, a basis for this Court to exercise subject-matter jurisdiction over their arbitration claim. Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal marks omitted).

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

Courts thus "presume[] that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Although Plaintiffs have pleaded the FAA as a basis for federal subject-matter jurisdiction, the U.S. Supreme Court has held that a party may not do so. *See* Dkt. No. 1, ¶ 11; *Vaden v. Discover Bank*, 556 U.S. 49, 58-59 (2009) (FAA is not a stand-alone basis for federal jurisdiction and instead requires "an independent jurisdictional basis over the parties' dispute" to obtain "access to a federal forum" (internal marks omitted)). Plaintiffs' contrived constitutional claims also cannot provide the "independent jurisdictional basis" for an FAA claim as required by *Vaden*.[1] 556 U.S. at 59. The FAA "does not give [arbitration] petitioners license to recharacterize an existing controversy, or manufacture a new controversy, in an effort to obtain a federal court's aid in compelling arbitration." *Id.* at 68. In other words, the proper question is not whether the Court can "hypothesize[]" or " imagine a federal-question suit involving the parties' disagreement," but instead "whether the whole controversy between the parties—not just a piece broken off from that controversy—is one over which the federal courts would have jurisdiction." *Id.* at 67. Here, the answer is no. The parties' disagreement arises from a Lease involving County property, as to which the parties assert claims based on state law and the Clark County Code. *See* Segal Decl., Exs. A-E. Plaintiffs' newly-fashioned constitutional claims thus fall outside of the "existing controversy" PVJR now seeks to arbitrate, and cannot confer subject-matter jurisdiction. *See Vaden*, 556 U.S.

---

[1] Plaintiffs vaguely reference the STB in the "Jurisdiction and Venue" section of the Complaint, *see* Dkt. No. 1, ¶ 11, but do not otherwise rely upon the STB in asserting their causes of action, nor have they done so in the Clark County suit. Segal Decl., Exs. D-E. Consistent with the STB's specific authority and practice, the County expressly reserved any STB-related issues from the state court lawsuit. *Id.*, Ex. C, ¶¶ 52-53, 55, & p. 18. This falls far short of the federal hook required to invoke this Court's jurisdiction for an arbitration petition. *See Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019) ("An action arises under federal law only if federal law creates the cause of action or a substantial question of federal law is a necessary element of a plaintiff's well-pleaded complaint." (internal marks omitted)); *Vaden*, 556 U.S. at 68.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

at 68 ("[The FAA] does not invite federal courts to dream up counterfactuals when actual litigation has defined the parties' controversy."). Regardless, Plaintiffs' constitutional claims are meritless in themselves and cannot provide a basis for jurisdiction. *See infra*, Section IV.C; *Coeur d'Alene Tribe*, 933 F.3d at 1056 (claims must be "colorable" to confer jurisdiction).

### 2. Plaintiffs have no contractual right to arbitrate the issues PVJR is litigating in state court.

Plaintiffs' arbitration claim also fails for the independent reason that Plaintiffs lack a contractual right to arbitrate the issues PVJR is litigating in state court—namely, Lease formation and validity. Under the FAA, a party to an arbitration agreement may only petition for an order directing that "arbitration proceed in the manner **provided for in such agreement**." 9 U.S.C. § 4 (emphasis added). Whether the arbitration clause "encompasses the dispute at issue" is for the court, not an arbitrator, to decide. *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019) (internal marks omitted). The court "must give effect to the contractual rights and expectations of the parties . . . as with any other contract, the parties' intentions control." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (internal marks omitted).

Plaintiffs cannot establish such a contractual basis here. To start, a number of the County's claims, including that the Lease is invalid as ultra vires, are not subject to the arbitration clause and must be resolved by the courts. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010) (it is "well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide"). And as PVJR has consistently maintained in the state action—including in pleadings certified under the state counterpart to Rule 11—the parties did not intend to arbitrate the issue of Lease validity. *See, e.g.*, Segal Decl., Exs. G-H, J, L, N.

The plain language of the arbitration clause applies only to certain disputes regarding material Lease terms, **not** issues regarding the Lease more generally. The operative provision of

COUNTY DEFENDANTS' MOTION TO
DISMISS - 14
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

the Lease's arbitration clause—which Plaintiffs omit entirely from their Complaint—provides: "[i]n the event of a dispute with respect to **any material term or condition of this Agreement that may give rise to an event of default** under Section 11 hereof, and to the extent provided otherwise in this Lease, either party may elect to submit such dispute to binding arbitration in accordance with this Section 13." Segal Decl., Ex. A, § 13.1 (emphasis added). PVJR ignores this operative provision and instead quotes only the provision of the arbitration clause titled "Process," which describes only the process under which arbitration should be initiated. *See* Dkt. 1 at ¶ 116; Segal Decl., Ex. A, § 13.2. Interpreting the arbitration clause to apply broadly to any dispute arising from or relating to the Lease is inconsistent with its plain language and would render superfluous the arbitration clause's emphasized language above. *See United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1051 (9th Cir. 2003) ("courts avoid a statutory construction that would render another part of the same statute superfluous" (internal marks omitted)).

The parties' subsequent conduct reinforces the limited scope of the arbitration clause. *See Wolf Bros. Oil Co., Inc. v. Int'l Surplus Lines Ins. Co.*, 718 F. Supp. 839, 843-44 (W.D. Wash. 1989) ("subsequent conduct of the parties" is relevant to construe contract terms). Consistent with their shared understanding of the arbitration clause, both parties filed state court actions seeking to litigate Lease validity (among other claims related to the Lease) and actively litigated the case for a year, during which PVJR repeatedly stated the issue of Lease validity was properly before the state court. Segal Decl., Exs. B-E, G-N. In short, Plaintiffs have no contractual right to arbitrate the claims they have litigated in the state court proceeding, and their FAA claim must be dismissed on this ground as well. *See Granite Rock*, 561 U.S. at 302 ("a court may submit to arbitration only those disputes that the parties have agreed to submit" (internal marks omitted)).

COUNTY DEFENDANTS' MOTION TO
DISMISS - 15
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1

2

### 3. Plaintiffs have waived any right to arbitration through their litigation conduct and incongruous statements in state court.

3

4

Finally, Plaintiffs' arbitration claim must be dismissed for the additional reason that

5

Plaintiffs have intentionally and unambiguously waived any right to arbitrate by actively litigating

6

in state court and repeatedly and unconditionally maintaining that issues of Lease validity and

7

formation were properly before the state court. *See Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th

8

Cir. 2016). If a party seeks to arbitrate an issue that is the subject of litigation, courts consider that

9

party's litigation conduct to determine if it has waived arbitration. *Id*. Courts are especially wary

10

of belated petitions from parties that "attempt to manipulate the judicial and arbitral systems and

11

to gain an unfair advantage by virtue of their litigation conduct." *Id.* at 1128. A party waives

12

arbitration where it (1) knows of an existing right to compel arbitration, (2) "acts inconsistent with

13

that existing right," and (3) would "prejudice" the party opposing arbitration as a result of those

14

"inconsistent acts." *Id*. at 1124. All three factors are beyond dispute here.

15

First, Plaintiffs cannot disclaim knowledge of the arbitration clause in the plain terms of

16

the Lease negotiated by Plaintiff Temple. Segal Decl., Ex. A, p. 31. Second, Plaintiffs have (to say

17

the least) acted inconsistently with any right to arbitrate. This factor considers "the totality of the

18

parties' actions" and "ask[s] whether a party's actions indicate a conscious decision to seek judicial

19

judgment on the merits of [the] arbitrable claims, which would be inconsistent with a right to

20

arbitrate." *Newirth v. Aegis Senior Cmtys.*, LLC, 931 F.3d 935, 941 (9th Cir. 2019) (internal marks

21

omitted). "That is, a party acts inconsistently with exercising the right to arbitrate when it (1)

22

makes an intentional decision not to move to compel arbitration and (2) actively litigates the merits

23

of a case for a prolonged period of time in order to take advantage of being in court." *Id.*

24

25

To start, and contrary to its recent filing in this Court, PVJR **has not** moved to compel

26

arbitration in the state court proceeding. *See* Dkt. No. 15. As Plaintiffs' counsel explained to the

27

COUNTY DEFENDANTS' MOTION TO
DISMISS - 16
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

state court, "Has [PVJR] moved to compel arbitration? Of course not. That would be a futile act[.]" *Segal Decl.*, Ex. N at 11:18-19. Instead, PVJR filed its own lawsuit, actively litigated the case in state court for nearly a year, and repeatedly represented to the Clark County court and the County that it was seeking adjudication rather than arbitration of Lease validity. *See* Segal Decl., Exs. D-E, G-J, L, N; *see also supra*, Section II.C. PVJR filed its FAA claim only after several adverse rulings from the state court, which further confirms its submission to the judicial forum. *See Newirth*, 931 F.3d at 942 (when a party seeks arbitration "[o]nly after receiving an adverse ruling" it can be inferred that the party "knowingly decided to defer its right to compel arbitration to avail itself of the benefits of the [judicial] forum"). PVJR has continued to act inconsistently with its claimed right to arbitrate by since filing **another** state court lawsuit in Skamania County, again seeking adjudication of issues related to the Lease dispute. Segal Decl., Ex. V.

Third, compelling arbitration would cause significant prejudice to the County as a result of PVJR's inconsistent acts. A party is prejudiced if it "has expended considerable time and money due to the opposing party's failure to timely move for arbitration and is then deprived of the benefits for which it has paid by a belated motion to compel." *Martin*, 829 F.3d at 1127. Here, the County has expended significant time and resources opposing PVJR's numerous motions, filing its own motion to compel, and responding to PVJR's petition for discretionary review of the state court's venue order. *See, e.g.*, Segal Decl., Exs. J-K, M, W-Y.

In sum, Plaintiffs' FAA claim is deficient on multiple grounds and must be dismissed.

## C. **Plaintiffs' Contrived Constitutional Claims Independently Lack Merit.**

Plaintiffs allege due process and free speech violations, again grounded in the County's Lease dispute with PVJR, which currently is being litigated in state court as discussed above. For multiple reasons, Plaintiffs' constitutional claims lack merit and should be dismissed.

COUNTY DEFENDANTS' MOTION TO
DISMISS - 17
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1

### 1. The County's litigation and related conduct is immune from due process and First Amendment liability.

The *Noerr-Pennington* doctrine immunizes parties (including governmental entities) from section 1983 liability for their litigation activities. *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929-38 (9th Cir. 2006); *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1092-94 (9th Cir. 2000). *Noerr-Pennington* immunity extends to conduct incidental or related to litigation, such as pre-suit letters, communications threatening litigation, and announcements/statements regarding a party's position. *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007-08 (9th Cir. 2008) (threats of litigation protected under *Noerr-Pennington*); *Sosa*, 437 F.3d at 935, 940 (same for "presuit letters threatening legal action and making legal representations"); *Redbox Automated Retail, LLC v. Buena Vista Home Entm't, Inc*., 399 F. Supp. 3d 1018, 1033-34 (C.D. Cal. 2019) (Disney's statements that Redbox's actions were unauthorized and illegal were protected under *Noerr-Pennington*).[2]

Here, the County's state lawsuit seeking a determination of Lease validity falls squarely within *Noerr-Pennington*. *See Sosa*, 437 F.3d at 929-38; *Theme*, 546 F.3d at 1006-07. Moreover, the County's related actions in reviewing the Lease, stating its position that the Lease is invalid, and deferring public hearings on freight rail dependent uses are part and parcel of the County's Lease dispute with PVJR and are (at the least) incidental to the County's state litigation. Accordingly, these actions are also immune from section 1983 liability. *See Sosa*, 437 F.3d at 929-38. Because Plaintiffs' First Amendment and due process claims are grounded in the County's litigation and related conduct, those claims are barred under *Noerr-Pennington*.

---

[2] *See also EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp*., 711 F. Supp. 2d 1074, 1082 (C.D. Cal. 2010) (finding website announcements and communications with licensees within the ambit of *Noerr-Pennington* protection); *Aircapital Cablevision, Inc. v. Starlink Commc'ns Grp., Inc*., 634 F. Supp. 316, 326 (D. Kan. 1986) (extending immunity to press releases publicizing a lawsuit and to threats of further legal action).

COUNTY DEFENDANTS' MOTION TO DISMISS - 18
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1    To avoid applicability of *Noerr-Pennington*, Plaintiffs would have to show the County's

2    state lawsuit is merely "sham litigation," meaning the lawsuit is **both** (1) "objectively baseless in

3    the sense that no reasonable litigant could realistically expect success on the merits" **and** (2)

4    conceals an effort to use government processes, as opposed to the outcome of those processes, as

5    a mechanism to injure the plaintiff (i.e., improper motive). *Prof'l Real Estate Inv'rs, Inc. v.*

6    *Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61 (1993); *Sosa*, 437 F.3d at 938-42. But there is

7    no colorable basis to find the County's state lawsuit objectively baseless where PVJR has availed

8    itself of the same state forum as the County, requested that the state court decide the same issues,

9    and is fully aware that the state proceedings (including PVJR's own Clark County lawsuit) remain

10   pending. Segal Decl., Ex. D-E, G-I, L, N; *see also Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 903

11   (9th Cir. 1983) (no rational trier of fact could determine pending state court actions were a sham).

12   Regardless, the state court filings on their face demonstrate the County has raised facially plausible

13   concerns over a Lease that, *inter alia*, was not approved by the County's elected Board and that

14   PVJR contends entitles it to 90 years of using public property at no cost. *Id.*, Exs. B-E.

15       Though Plaintiffs allege "upon information and belief" that the County filed its lawsuit

16   with improper motive, *see* Dkt. 1 at ¶¶ 102-114, this does not speak to the first prong of the test of

17   whether the County's action was objectively baseless. *See Prof'l Real Estate Inv'rs*, 508 U.S. at

18   60 (only if a challenged lawsuit is objectively baseless may a court examine the litigant's

19   subjective motivation); *Theme*, 546 F.3d at 1008. Plaintiffs have not pleaded facts that "disprove

20   the challenged lawsuit's **legal** viability," i.e., facts showing a reasonable litigant could not

21   "realistically expect success on the merits." *Prof'l Real Estate Inv'rs*, 508 U.S. at 60, 61 (emphasis

22   original). Nor can they, given their own mirror-image action in Clark County regarding the same

23   facts and issues. And Plaintiffs' allegations of improper motive are bereft of any facts and thus too

COUNTY DEFENDANTS' MOTION TO
DISMISS - 19
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

bare and conclusory to state a reasonably plausible First Amendment claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).

In sum, because Plaintiffs have not alleged (and cannot allege) sufficient facts to overcome *Noerr-Pennington* immunity, their section 1983 claims are barred. *See Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1057 (9th Cir. 2005) (plaintiff must plead sham litigation with specificity); *Boone v. Redev. Agency of City of San Jose*, 841 F.2d 886, 894 (9th Cir. 1988) ("[c]onclusory allegations" insufficient to overcome *Noerr-Pennington* protection).

### 2. Plaintiffs' due process claim should be dismissed because they cannot allege deprivation of any constitutionally protected interest without due process.

In addition to being barred under *Noerr-Pennington*, Plaintiffs' due process claim is also legally deficient on the merits and should be dismissed for this additional and independent reason. Procedural due process claims require (1) a constitutionally protected liberty or property interest, (2) deprivation of that interest, and (3) denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiffs assert only a property interest here, Dkt. No. 1 at ¶ 136, and their due process claim is grounded solely in the County's public statements regarding the Lease and PVJR's actions under it. *See* Dkt. No. 1 at ¶¶ 136, 137. As discussed below, Plaintiffs have not alleged (and cannot allege) facts sufficient to meet any one (much less all) of the required elements of a due process claim, warranting dismissal.

First, Plaintiffs cannot establish the "threshold requirement" of a due process claim, namely, a "property interest protected by the Constitution." *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). Federal constitutional law determines whether a claimed interest constitutes property protected by the due process clause. *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1144-45 (9th Cir. 1987). Relevant here, "it was not the intent of § 1983 to convert every breach of contract claim . . . into a federal claim or to shift the whole of public law of the

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

state into the federal court or to turn into issues of federal constitution the entire state law of public contracts." *Storek & Storek, Inc. v. Port of Oakland*, 869 F.2d 1322, 1325 (9th Cir. 1989). Accordingly, unlike individual employment contracts, mere commercial contracts do not rise to the level of a constitutionally protected property interest. *See San Bernardino Phys.' Servs. Med. Grp., Inc. v. San Bernardino Cty.*, 825 F.2d 1404, 1408-10 (9th Cir. 1987); *Hotel Syracuse, Inc. v. Young*, 805 F. Supp. 1073, 1084-85 (N.D. N.Y. 1992) (up to 90-year lease for hotel operation was not a protected property interest). Here, Plaintiffs claim a property interest in the "[Tracks] pursuant to the Lease." Dkt. No. 1, ¶ 136. Plaintiffs' interest amounts to no more than PVJR's claimed contractual agreement with the County (if valid) involving the leasing of a railroad for profit. This contractual interest is exactly the type of interest courts have warned against "constitutionaliz[ing]" for fear of "wholesale federalization of state public contract law." *See Hotel Syracuse*, 805 F. Supp. at 1084-85.

Second, even if Plaintiffs could allege a protected property interest, due process claims require that a "distinct deprivation of a constitutionally protected interest in liberty or property has already occurred." *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 984 (9th Cir. 2011). Mere threats of property deprivation, even if "strongly worded," do not constitute actionable interference with property rights. *Id.* (notice of violation and cease and desist letter did not themselves deprive plaintiff of any interests). Nor does alleged reputational harm, without more, implicate the due process clause. *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 374-76 (9th Cir. 1999). Here, the most Plaintiffs can allege is that the County is "attempting" to invalidate the Lease via a state court lawsuit (while failing to disclose that PVJR has filed its own lawsuit regarding Lease validity) and that the County's public statements somehow "affect[ed]" their interest. Dkt. No. 1, ¶¶ 11, 137. That is not enough. Lease validity is the subject of ongoing state court

COUNTY DEFENDANTS' MOTION TO DISMISS - 21
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

proceedings. Plaintiffs have not alleged termination of the Lease or any other impairment of PVJR's interest in the Tracks, and no deprivation has occurred.[3]

Finally, even if some constitutionally protected interest has been deprived, PVJR still cannot establish denial of due process. A contractual dispute that does not involve the denial of a present entitlement can be fully remedied under state law if state procedures comply with due process. *See DeBoer v. Pennington*, 287 F.3d 748, 749-50 (9th Cir. 2002); *Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 196 (2001). A "present entitlement" in this context means "'a right by virtue of which [one is] presently entitled either to exercise ownership dominion over real or personal property, or to pursue a gainful occupation.'" *DeBoer*, 287 F.3d at 750 (quoting *Lujan*, 532 U.S. at 196). Here, Plaintiffs have not alleged a present entitlement for due process purposes, nor can they. PVJR is an independent contractor under the Lease. Segal Decl., Ex. A, § 2.F. The injuries alleged in Plaintiffs' Complaint stem from PVJR's Lease dispute with the County. PVJR has initiated and pursued a state declaratory action on the issue of Lease validity. Its lawsuit provides the process that is due and, accordingly, Plaintiffs' due process claim fails. *Lujan*, 532 U.S. at 195-96; *De Boer*, 287 F.3d at 749-50; *see also Bldg. 11 Investors LLC v. City of Seattle*, 912 F. Supp. 2d 972, 981 (W.D. Wash. 2012).

### 3. Plaintiffs' First Amendment claim should be dismissed because Plaintiffs cannot establish adverse retaliatory action.

Plaintiffs' First Amendment retaliation claim is barred under *Noerr-Pennington* as noted above. But even if some of the County's alleged conduct were to fall outside of *Noerr-Pennington* immunity, it does not rise to the level of a First Amendment retaliation violation.

---

[3] Plaintiffs' due process claim is also unripe given the lack of any alleged property deprivation, and dismissal is thus warranted under Rule 12(b)(1). *See Guatay*, 670 F.3d at 984 (due process claims "ripen" only upon a "distinct deprivation of a constitutionally protected interest in liberty or property"); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-23 (9th Cir. 2010) (unripe claims warrant dismissal under Rule 12(b)(1)).

COUNTY DEFENDANTS' MOTION TO
DISMISS - 22
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

### a. The County's speech is protected under the First Amendment.

Outside of the County's state court lawsuit itself, most of the remaining conduct Plaintiffs challenge as "retaliatory" consists of County statements regarding PVJR and/or the Lease—i.e., government speech. *See* Dkt. No. 1, ¶¶ 53, 72, 75-78, 83, 86-87, 90-92, 126-27. The Ninth Circuit has observed that the "marketplace of ideas is undermined if public officials are prevented from responding to speech of citizens with speech of their own." *Mulligan v. Nichols*, 835 F.3d 983, 989 (9th Cir. 2016). Thus, there is "a high bar when analyzing whether speech by government officials is sufficiently adverse to give rise to a First Amendment retaliation claim." *Id*. Mere government speech—up to and including accusations, threats, media leaks, and statements that damage reputation—does not violate the constitution. *Id*. at 989-90. A retaliation claim requires more—i.e., that the defendant "ma[d]e [a] decision or [took a] state action affecting [plaintiff's] rights, benefits, relationship or status with the state"; that the plaintiff was denied or lost "a valuable governmental benefit or privilege"; that the defendant's speech included a "threat, coercion, or intimidation" suggesting that "punishment, sanction, or adverse regulatory action" would imminently follow; or that the government speech was part of a "campaign of harassment designed to burden the plaintiff's protected expression." *Id*. (internal marks omitted); *Greisen v. Hanken*, 925 F.3d 1097, 1113-14 (9th Cir. 2019). Here, Plaintiffs do not (and cannot) allege that any of these narrow exceptions apply. Accordingly, where the County's speech is concerned, Plaintiffs cannot meet the "high bar" for showing retaliation. *Mulligan*, 835 F.3d at 989.

### b. Plaintiffs fail to allege any other adverse retaliatory action.

Removing the County's state court lawsuit and related conduct (protected under *Noerr-Pennington*) and its speech (protected under the government speech doctrine) from the equation, Plaintiffs allege no other County conduct amounting to unconstitutional retaliation. As

COUNTY DEFENDANTS' MOTION TO
DISMISS - 23
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

independent contractors of the County, *see* Dkt. No. 1, ¶ 28, PVJR and Mr. Temple are afforded less protection than that of a private citizen under the First Amendment. *See Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1100-01 (9th Cir. 2011); *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004); *Bd. of Cty. Comm'rs, Wabaunsee Cty. v. Umbehr*, 518 U.S. 668, 676-85 (1996). In this context, a contractor must allege (among other elements) that its constitutionally protected speech was a "substantial or motivating factor" in the government's "adverse employment action." *Eng v. Cooley*, 552 F.3d 1062, 1070-72 (9th Cir. 2009). An adverse action is one "reasonably likely to deter" the plaintiff from engaging in protected speech. *Coszalter v. City of Salem*, 320 F.3d 968, 976-77 (9th Cir. 2003). Adverse actions are generally "exercise[s] of governmental power that are regulatory, proscriptive, or compulsory in nature and have the effect of punishing someone for his or her speech." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 544 (9th Cir. 2010) (internal marks omitted); *see also Coszalter*, 320 F.3d at 976-77 (listing examples).

Plaintiffs have not pleaded any actionable adverse employment action substantially motivated by their speech. The Complaint and the judicially noticeable documents submitted by the County establish nothing more than that the County, within the context of a Lease dispute, did and said things PVJR disagreed with and both parties filed lawsuits to resolve the dispute. Applying properly the *Noerr-Pennington* and government speech doctrines, Plaintiffs do not and cannot plausibly allege a claim for First Amendment retaliation.

## V.  CONCLUSION

Plaintiffs' Complaint in this case is subsumed within ongoing state court proceedings, and also fails to state any independent claim for relief. Defendants respectfully request the Court dismiss this case with prejudice.

COUNTY DEFENDANTS' MOTION TO
DISMISS - 24
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1    DATED this 18th day of March, 2020.

2                                                    PACIFICA LAW GROUP LLP

3

4                                        By    s/ Matthew J. Segal
                                               Matthew J. Segal, WSBA # 29797
5                                              Sarah S. Washburn, WSBA # 44418
                                               Alanna E. Peterson, WSBA # 46502
6                                              1191 Second Avenue, Suite 2000
                                               Seattle, WA 98101-3404
7                                              (206) 245-1700
8                                              Matthew.Segal@pacificalawgroup.com
                                               Alanna.Peterson@pacificalawgroup.com
9                                              Sarah.Washburn@pacificalawgroup.com

10                                       *Attorneys for County Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COUNTY DEFENDANTS' MOTION TO
DISMISS - 25
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on this 18th day of March, 2020, I electronically filed the foregoing

3

document with the Clerk of the United States District Court using the CM/ECF system which will

4

send notification of such filing to all parties who are registered with the CM/ECF system.

5

6

DATED this 18th day of March, 2020.

7

*s/ Thien Tran*

8

Thien Tran, Legal Assistant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COUNTY DEFENDANTS' MOTION TO
DISMISS - 26
Cause No. 3:20-cv-05034-JRC

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750